UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on November 1, 2013

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | |
| | : | Grand Jury Original |
| v. | : | |
| | : | VIOLATIONS: |
| | : | |
| BRIANNA MEADOWS, | : | 18 U.S.C. § 1343 |
| | : | (Wire Fraud) |
| Defendant. | : | |
| | : | 18 U.S.C. § 641 |
| | : | (Theft of Government Property) |
| | : | |
| | : | 22 D.C. Code § 3211 |
| | : | (Theft) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 981; |
| | : | 28 U.S.C. § 2461 |
| | : | 21 U.S.C. § 853 |

## INDICTMENT

The Grand Jury charges that:

At all times material to this Indictment:

### Individuals and Entities

1. The defendant, BRIANNA MEADOWS ("MEADOWS"), was a resident of the District of Columbia. From in or about May 2009 through in or about September 2010, MEADOWS worked full time in Rockville, Maryland at the Food and Drug Administration as an executive assistant. During that same time period, MEADOWS sought and received unemployment benefits from the District of Columbia Department of Employment Services ("DOES"). To obtain the unemployment benefits, MEADOWS falsely certified to DOES that

she was not working, resulting in MEADOWS improperly collecting $14,173 in unemployment benefits.

2.  DOES administered the District of Columbia's unemployment benefits program, which paid benefits to workers who were unemployed through no fault of their own, and who were ready, willing, and able to work. The program was funded in part by DOES and in part by the United States Department of Labor, a federal agency, through taxes collected from District of Columbia businesses.

3.  Individuals who sought unemployment benefits in Washington, D.C. submitted applications to DOES through a computer database called the Web Enabled Benefits Services ("WEBS") system. Once the application was approved by DOES, claimants had to certify on a weekly basis that they were not working in order to receive benefits. From May 2009 to September 2010, MEADOWS submitted 49 false certifications to DOES through the WEBS system, claiming that she was not working when, in fact, MEADOWS was working at the Food and Drug Administration as an executive assistant. Of the 49 false certifications submitted, MEADOWS submitted 30 of those false certifications from her work computer at the Food and Drug Administration offices located in Rockville, Maryland.

## The Scheme & Artifice to Defraud

4.  On or about September 30, 2008, MEADOWS submitted an application for unemployment benefits to DOES through the WEBS system, seeking approval to request unemployment benefits covering the time period from September 28, 2008 to September 26, 2009. DOES approved MEADOWS application on September 30, 2008.

5.	On or about May 2, 2009, MEADOWS began submitting electronic claims for unemployment benefits through the WEBS system, certifying, among other things, that she was not working. Specifically, on May 2, 2009, MEADOWS certified the following for the week beginning April 27, 2009 and ending May 2, 2009:

> 1) Were you able, available and actively seeking work during the week claims? **YES**
>
> 2) Did you perform work during week claimed? If yes, indicate gross earnings amount in the box at right. **NO**
>
> 3) Did you receive severance pay during the week claimed? If yes, indicate gross earnings amount in the box at right. **NO**
>
> 4) Has there been a change in your pension, training or school status? **NO**
>
> 5) Did you refuse work, quit a job, or were you discharged from a job? **NO**
>
> 6) Did you return to full time work? **NO**

At the end of the certification dated May 2, 2009, MEADOWS certified that each of her answers were true by agreeing to the following statement: "I hereby certify that these statements are true and correct. I understand that the law provides penalties for false statements to obtain or increase benefits."

6.	Beginning on May 2, 2009 and continuing through September 26, 2009, MEADOWS submitted a total of 22 electronic certifications on a weekly basis to DOES in the same form described in paragraph 5 above. Each of these 22 electronic certifications were false, in that, MEADOWS falsely claimed that she was not working when, in fact, she was working full time at the Food and Drug Administration as an administrative assistant.

7. On or about October 6, 2009, MEADOWS submitted a second application for unemployment benefits to DOES through the WEBS system, seeking approval to request unemployment benefits covering the time period from October 4, 2009 to October 2, 2010. DOES approved MEADOWS application on October 6, 2009.

8. Beginning on October 10, 2009, and continuing through April 10, 2010, MEADOWS submitted a total of 27 electronic certifications on a weekly basis to DOES in the form described in paragraph 5 above. Each of these 27 electronic certifications were false, in that, MEADOWS falsely claimed that she was not working when, in fact, she was working full time at the Food and Drug Administration as an administrative assistant.

9. In or about February 2011, DOES sent defendant MEADOWS an audit notice regarding a potential overpayment. On or about February 18, 2011, defendant MEADOWS responded to the audit inquiry from DOES by admitting that she was working from May 2, 2009 to December 26, 2009.

## COUNTS ONE THROUGH FOUR
## (WIRE FRAUD)

10. Paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference as if set out in full.

11. From in or about May 2009, through in or about April 2010, the defendant, BRIANNA MEADOWS, with the intent to defraud, devised the above-described scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises, knowingly transmitted in interstate commerce from Maryland to Washington D.C., by means of a wire communication, certain signs, signals, and sounds, that is, electronic certifications to DOES certifying that she was not working and that she had earned no wages, each transmission being a separate count.

| Count | On or About Date Submitted | Sent From | Sent To | Description |
|---|---|---|---|---|
| 1 | May 4, 2009 | Maryland | Washington, D.C. | **UNEMPLOYMENT CLAIM #1**<br><br>First electronic certification submitted by MEADOWS from computer terminal at FDA office located in Rockville, Maryland to DOES computer terminal located in Washington D.C. requesting unemployment benefits for the week ending 5/2/09. |
| 2 | September 28, 2009 | Maryland | Washington, D.C. | **UNEMPLOYMENT CLAIM #1**<br><br>Last electronic certification submitted by MEADOWS from computer terminal at FDA office located in Rockville, Maryland to DOES computer terminal located in Washington D.C. requesting unemployment benefits for the week ending 9/26/09. |

| Count | On or About Date Submitted | Sent From | Sent To | Description |
|---|---|---|---|---|
| 3 | October 26, 2009 | Maryland | Washington, D.C. | **UNEMPLOYMENT CLAIM #2**<br><br>First electronic certification submitted by MEADOWS from computer terminal at FDA office located in Rockville, Maryland to DOES computer terminal located in Washington D.C. requesting unemployment benefits for the week ending 10/24/09. |
| 4 | April 12, 2010 | Maryland | Washington, D.C. | **UNEMPLOYMENT CLAIM #2**<br><br>Last electronic certification submitted by MEADOWS from computer terminal at FDA office located in Rockville, Maryland to DOES computer terminal located in Washington D.C. requesting unemployment benefits for the week ending 4/10/10. |

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

## COUNT FIVE
## (THEFT OF GOVERNMENT PROPERTY)

12. Paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference as if set out in full.

13. Beginning in or about April 2009, and continuing until in or about April 2010, the defendant, BRIANNA MEADOWS, in a continuing course of conduct, did knowingly embezzle, steal, purloin, and convert to her own use money belonging to the United States of America in excess of $1,000, when she applied for and received unemployment benefits at the same time that she was working and receiving compensation.

**(Theft of Government Money, in violation of Title 18, United States Code, Section 641)**

## COUNT SIX
## (FIRST DEGREE THEFT)

14. Paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference as if set out in full.

15. Between in or about April 2009, and in or about April 2010, within the District of Columbia, the defendant, BRIANNA MEADOWS, wrongfully obtained and used property of a value of $1,000 or more, belonging to the District of Columbia, consisting of money, with the intent to appropriate the property for her own use and to deprive the District of Columbia of a right to and benefit of the property.

**(First Degree Theft, in violation of 22 D.C. Code, Section 3211, 3212 (a))**

## FORFEITURE ALLEGATION

16. Upon conviction the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $384.00.

17. Upon conviction the offense alleged in Count Two, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $384.00.

18. Upon conviction the offense alleged in Count Three, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The

United States will also seek a forfeiture money judgment against the defendant in the amount of $264.00.

19. Upon conviction the offense alleged in Count Four, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $264.00.

20. Upon conviction of the offense alleged in Count Five, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $1,200.00.

21. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL

FOREPERSON

*[signature]*
ATTORNEY OF THE UNITED STATES IN AND FOR
THE DISTRICT OF COLUMBIA